The STATE of Texas, Appellant,

v.

Jose Antonio GARCIA, Appellee.

No. 2–92–310–CR.

Court of Appeals of Texas, Fort Worth.

Aug. 3, 1993.

Tim Curry, Crim. Dist. Atty., John A. Stride, Asst., Fort Worth, for appellant.

J.R. Molina, Fort Worth, for appellee.

Before HILL, C.J., and HICKS and FARRAR, JJ.

## OPINION

HILL, Chief Justice.

The State of Texas appeals from the order of the trial court granting the motion to suppress certain observations of a police officer made prior to the arrest of Jose Antonio Garcia for the offense of unlawful possession of a volatile chemical.

We reverse and remand because we hold that the trial court abused its discretion by granting Garcia's motion to suppress because, under the undisputed evidence, observations made by the police officer were *not made when he was at a place he was not authorized to be,* and not made either while Garcia was being subjected to an unlawful investigatory stop or while Garcia was under an unlawful arrest.

■ On appeal from a motion to suppress, we do not engage in our own factual review; instead, we must determine whether the trial judge's fact-findings are supported by the record and address only the question of whether the trial court improperly applied the law to the facts. *Romero v. State,* 800 S.W.2d 539, 543 (Tex.Crim. App.1990).

Garcia and four others were in Garcia's front lawn between 5:00 and 6:00 a.m. when Officer Stephen Wayne Kleckner approached them. Officer Kleckner said that he knew Garcia and had stopped and lectured or talked to him before, without making any arrest.

Officer Kleckner indicated that as he approached the individuals, whom he believed to be juveniles, he smelled aerosol paint and saw Garcia holding a spray paint can in one hand and a beer can in the other. Garcia appeared to be high, and he acted in a nervous manner. There is no indication in the record that Officer Kleckner was asked to leave before he had smelled the paint and seen Garcia holding the spray paint can in one hand and a beer can in the other.

■ TEX.CODE CRIM.PROC.ANN. art. 14.01 (Vernon 1977) provides that a peace officer may arrest an offender without a warrant for any offense committed in his presence or within his view. TEX. HEALTH & SAFETY CODE ANN. § 485.-031 (Vernon 1992) provides that a person commits an offense if he possesses an aerosol paint with intent to inhale it in a manner contrary to certain provisions on its label and in a manner designed to affect the central nervous system, create a condition of intoxication, hallucination, or elation, or change, distort, or disturb the person's eyesight, thinking process, balance, or coordination.

Consequently, Officer Kleckner had the right to arrest Garcia from the time he first walked up to the individuals involved and before he had said anything to them at all or they had said anything to him. Therefore, there is absolutely no basis in the record in support of the trial court's decision granting Garcia's motion to suppress Officer Kleckner's observations while at Garcia's residence.

We would also note that no investigatory stop or arrest of Garcia was made until after Officer Kleckner, from his patrol car in the public street, had observed Garcia actually spray paint into a can and sniff it.

In both instances Officer Kleckner was where he had a right to be, and Garcia's conduct was in plain view. In neither instance was the officer engaged in any unlawful activity toward Garcia or any of the others in the yard at the time he made his observations.

Even if it be true that a police officer must have some reasonable suspicion of unlawful activity before conducting a temporary detention, there is absolutely no evidence in the record that would indicate that Officer Kleckner had conducted such a detention before observing the commission of the offense by Garcia. Instead, he had merely approached the individuals involved by walking into the yard on the sidewalk.

Garcia argues that the evidence should be suppressed because Officer Kleckner, at the time he made his observations, was guilty of criminal trespass.

TEX. PENAL CODE ANN. § 30.05(a) (Vernon 1989) provides that a person commits an offense if he enters or remains on property or in a building of another with-

out effective consent and he had notice that the entry was forbidden or received notice to depart but failed to do so. The statute further provides that "notice" means either an oral or written communication by the owner or someone with apparent authority to act for the owner; fencing or other enclosure obviously designed to exclude intruders; or a posted sign or signs indicating that entry is forbidden. *Id.* § 30.05(b) (Vernon Supp.1993).

There is no indication in the record in this case that Garcia's yard was fenced, that there were any signs forbidding entry, or that the owner or anyone with apparent authority to act for the owner had asked Officer Kleckner to leave prior to his observing Garcia committing the offense. The evidence is, in fact, to the contrary. Consequently, Officer Kleckner was not guilty of criminal trespass.

Garcia argues that Officer Kleckner had no probable cause to invoke the plain view doctrine. He relies on the case of *Arizona v. Hicks,* 480 U.S. 321, 327–28, 107 S.Ct. 1149, 1154, 94 L.Ed.2d 347, 356 (1987). In that case the Court held that officers, who had entered a residence under the exigent circumstances of a shooting, could not search or seize certain property on the reasonable suspicion that the property had been stolen, but instead, would have to have had probable cause to believe that the property had been stolen.

The principle enunciated in *Arizona* has no relation to the facts of this case at all for the reason that in this case there was neither a search nor a seizure. In this case Officer Kleckner's first observations of Garcia were sufficient to give him probable cause to believe that Garcia was guilty of the offense for which he is now charged.

If Garcia is arguing that Officer Kleckner did not have probable cause to be on the sidewalk in his front yard, he has failed to demonstrate any authority indicating that a police officer is required to have probable cause prior to approaching citizens standing in their front yards, and we are not aware of any.

■ We hold that it was not unreasonable for the officer to approach these individuals. If he did not know them, it was not unreasonable for him to approach them to see who they were when they were standing in the yard of a private residence between 5:00 and 6:00 a.m. If he did know who they were, it was not unreasonable for him to walk up to engage in conversation when he had done so before without any arrests having been made. In neither event was probable cause required for the officer merely to make the approach. We note that Garcia and those with him, while standing out in the front yard of the residence, had no reasonable expectation of privacy. *See United States v. Santana,* 427 U.S. 38, 42, 96 S.Ct. 2406, 2409, 49 L.Ed.2d 300, 305 (1976). We sustain the State's sole point of error, reverse the trial court's order sustaining Garcia's motion to suppress, and remand this cause for trial.

HICKS, J., concurs in the result.